UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SYLVENIA COLLINS,

           Plaintiff,

- against -

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,
           Defendant.
------------------------------------------------------------------X

**JUDGE MARRERO**

**'07 CIV 7023**

<u>**NOTICE FOR REMOVAL**</u>



AUG 06 2007
U.S.D.C. S.D. N.Y.
CASHIERS

    Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), through its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

    1.    On July 18, 2007, defendant received the Summons and Verified Complaint in this action which is currently pending in the Supreme Court of the State of New York, New York County. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit A. This constitutes all prior pleadings/orders served upon defendant to date.

    2.    According to the Verified Complaint, on September 7, 2006, plaintiff Sylvenia Collins allegedly sustained personal injuries at the premises known as Pennsylvania Station located at Eighth Avenue between 31st and 33rd Street, New York, New York 10001.

    3.    Amtrak is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, <u>et seq.</u>, and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§ 1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

    WHEREFORE, defendant Amtrak prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of New York be removed therefrom

to this Court.

Dated:   New York, New York
         August 6, 2007

                                            Respectfully submitted,

                                            LANDMAN CORSI BALLAINE & FORD P.C.

                             By:     */s/ Mark S. Landman*
                                            Mark S. Landman (ML 7654)
                                            Attorneys for Defendant Amtrak
                                            120 Broadway, 27th Floor
                                            New York, New York 10271-0079
                                            (212) 238-4800

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

SYLVENIA COLLINS,

     Plaintiff,

  -against-

AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION,

     Defendant.

------------------------------------------------------------------X

Index No.: 109317/07
Date Filed: 7-6-07
Plaintiff designates
**NEW YORK COUNTY**

County as the place of trial
**NEW YORK COUNTY**

The basis of venue is
Defendant's Residence

Defendant resides at:
360 West 31st Street, Fourth Floor
New York, New York 10001

### SUMMONS

To the above named Defendant

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    July 5, 2007

JOHN J. APPELL, ESQ.

_Robert Parrinelli_
By: Robert T. Parrinelli, Esq.
Attorney(s) for Plaintiff
Post Office Address
3 West 35th Street
New York, New York 10001

Defendant's address:

AMTRAK a/k/a NATIONAL RAILROAD PASSENGER COROPRATION
360 West 31st Street, Fourth Floor
New York, New York 10001



AMTRAK
JUL 1 8 2007
NEW YORK, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
SYLVENIA COLLINS,

                                Plaintiff,

-against-

AMTRAK a/k/a NATIONAL RAILROAD PASSENGER
CORPORATION,

                                Defendant.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 109317/07
Date Filed: 7-6-07

Plaintiff, complaining of the defendant by her attorney, JOHN J. APPELL, ESQ., respectfully alleges as follows:

### FIRST CAUSE OF ACTION

FIRST: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION, was a corporation organized and licensed to do business in the State of New York.

SECOND: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION owned the premises known as Pennsylvania Station located at Eighth Avenue between 31st and 33rd Street, New York, New York 10001.

THIRD: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION leased the premises known as Pennsylvania Station located at Eighth Avenue between 31st and 33rd Street,

FOURTH: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION, by their agents and/or employees operated the Amtrak Terminal located at the aforementioned address.

AMTRAK
JUL 18 2007
NEW YORK, NY

FIFTH: That at all times mentioned, the defendant, AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION, employed the persons working at the Amtrak Terminal located at the aforementioned address.

SIXTH: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION, by its agents and/or employees maintained the Amtrak Terminal located at the aforementioned address.

SEVENTH: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION by their agents and/or employees controlled the aforementioned Amtrak Terminal located at the aforementioned address.

EIGHTH: That at all times mentioned, the defendant AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION by their agents and/or employees supervised the aforementioned Amtrak Terminal located at the aforementioned address.

NINTH: That at all times mentioned, it was the duty of the defendant, their agents and/or employees to keep and maintain the aforementioned Amtrak Terminal in good repair and in a safe condition and to keep the escalators free of dangerous conditions.

TENTH: That on or about September 7, 2006 the plaintiff SYLVENIA COLLINS was lawfully present at the defendant's premises.

ELEVENTH: That on or about September 7, 2006 the plaintiff was caused to have her bag become caught in the escalator labeled 9/10 West at the aforementioned premises causing the plaintiff to fall and become severely injured and/or disfigured.

TWELFTH: The defendant, its agents and/or employees were careless and negligent in the ownership, operation, maintenance, control and supervision of the said premises and escalator in said premises; in failing to properly maintain the premises and aforementioned escalator at the said premises; in failing to keep the escalator safe for the public; in failing to take a defective escalator out of service; in failing to repair a defective escalator and/or escalator handrails; in failing to warn the plaintiff of the defective escalator and/or escalator handrails and/or a dangerous condition; in causing the bag of the plaintiff SYLVENIA COLLINS to become caught in the aforementioned escalator and/or escalator handrail and become injured; in failing to properly inspect the escalator; and in violating all applicable laws, rules, regulations, statutes and ordinances. Plaintiff will also rely on all theories of breach of warranty, strict products liability and res ipsa loquitor in causing and/or allowing a defective product to remain in use.

THIRTEENTH: That at all times mentioned, the plaintiff SYLVENIA COLLINS was free from comparative negligence.

FOURTEENTH: That as a result of the foregoing, plaintiff SYLVENIA COLLINS sustained severe permanent injuries and has been caused to suffer, and for a long time to come will continue to suffer severe physical pain and mental anguish as a result thereof. The plaintiff SYLVENIA COLLINS has been confined to bed and home as a result thereof and has been caused to abstain from her usual duties and has incurred medical expenses and will continue to do so for quite some time.

FIFTEENTH: This case falls within one or more than one of the exceptions listed in C.P.L.R. 1602 including, but not limited to all non-delegable duties. Plaintiff will refer

all questions of law to the trial judge of this matter.

SIXTEENTH: That by reason of the aforementioned accident the plaintiff SYLVENIA COLLINS has been damaged in an amount that exceeds all jurisdictional limits of all courts lower than the Supreme Court.

WHEREFORE, the plaintiff demands judgment against the defendant on the First Cause of Action in an amount that exceeds jurisdictional limits of all courts lower than the Supreme Court together with interest, costs, and disbursements of this action.

Dated: New York, New York
       July 5, 2007

> Yours, etc.,
> JOHN J. APPELL, ESQ.
>
> *Robert Parrinelli*
> By: Robert T. Parrinelli, Esq.
> Attorney for Plaintiffs
> 3 West 35th Street
> New York, New York 10001
> (212) 947-0101

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NEW YORK )

ROBERT T. PARRINELLI, an attorney duly admitted to practice in the Courts of New York State, hereby affirms as true, under the penalty of perjury that your affirmant is the attorney for the plaintiff herein; that affirmant has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affirmant believes to be true. Affirmant further says that the reason this affirmation is made by affirmant and not by plaintiff is because plaintiff does not reside in the County wherein your affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: books, records, reports and documents contained in the file and/or conversations had with plaintiff.

Dated: New York, New York
       July 5, 2007

*Robert Parrinelli*
ROBERT T. PARRINELLI, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SYLVENIA COLLINS,

                               Plaintiff,

     -against-

AMTRAK a/k/a NATIONAL RAILROAD PASSENGER
CORPORATION,

                               Defendant.

---

SUMMONS AND COMPLAINT

---

**JOHN J. APPELL**
ATTORNEY AT LAW

3 WEST 35TH STREET
NEW YORK, NEW YORK 10001
(212) 947-0101

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*                                                                  *is hereby admitted.*

*Dated:*

                                                      ..........................................................

                                                                                *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

Check Applicable Box

☐ **NOTICE OF ENTRY**
     that the within is a (certified) true copy of a
     entered in the office of the clerk of the within named Court on                          20

☐ **NOTICE OF SETTLEMENT**
     that an Order of which the within is a true copy will be presented for settlement to the Hon.
                               one of the judges of the within named Court,
     at
     on                           20           , at             M.

*Dated:*

                                                                        **JOHN J. APPELL**
                                                                        ATTORNEY AT LAW

                                                                        3 WEST 35TH STREET
                                                                       NEW YORK, NEW YORK 10001
                                                                         (212) 947-0101

*To:*

Index No.                    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYLVENIA COLLINS,

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK,

Defendant.

---

NOTICE OF REMOVAL

---

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for   Amtrak
Office and Post Office Address, Telephone
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1500 — **Blumberg**Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for
Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at

on
at            M.
Dated,

Yours, etc.
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for
Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for